United States District Court
Southern District of Texas
**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| WILLIAM OSINSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-189 |
| | § | |
| LAREDO COLLEGE *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The United States Magistrate Judge has issued a Report and Recommendation (the "Report"), which recommends that the following claims be dismissed: (1) all of Plaintiff's state law claims against the individually named Defendants; (2) Plaintiff's state law fraud claim against Laredo College, and (3) Plaintiff's Texas Veteran's Employment Preference Act ("TVEPA") claims against Laredo College (Dkt. No. 16). Plaintiff has filed objections, which only contest the third recommendation (Dkt. No. 17).

Having reviewed recommendations 1 and 2 and finding no plain error, the Court hereby **ADOPTS** those recommendations as the findings and conclusions of the Court. Further, having considered the pleadings, arguments, and applicable authorities *de novo*, the Court largely agrees with the ultimate findings of the Magistrate Judge with respect to the third recommendation. However, rather than dismissing Plaintiff's TVEPA claims against Laredo College, the Court finds it appropriate to allow Plaintiff to replead them on a limited basis. Plaintiff's objections

are therefore **SUSTAINED IN PART** and **OVERRULED IN PART**. The Report (Dkt. No. 16) is hereby **ADOPTED IN PART** and **MODIFIED IN PART**.

## I. BACKGROUND

Plaintiff initiated this lawsuit in state court against Laredo College and five Laredo College employees in their individual capacities (Dkt. No. 1 at 13–15). Plaintiff, a U.S. military veteran, claims that while he was an assistant professor of music at Laredo College, Defendants took a variety of adverse employment actions against him (*id.* at 16–20). These alleged actions include improperly handling Plaintiff's tenure application process, imposing a heavy teaching load without regard to Plaintiff's disabilities, and failing to renew Plaintiff's contract (*id.* at 17–19). Plaintiff believes Defendants' actions violated two statutes: the federal Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and the state TVEPA, Tex. Gov't Code Ann. § 657.001 *et seq.* (*id.* at 20). Plaintiff also asserts claims of common law fraud and breach of contract against Defendants (*id.* at 24–25). After Defendants removed the case based on federal question jurisdiction, the Court denied Plaintiff's motion to remand and referred the following question to the United States Magistrate Judge: Are Plaintiff's state law claims viable, or do the principles of governmental immunity preclude Plaintiff from prevailing on his state law claims? (Dkt. No. 1, 11). Plaintiff and Defendants then briefed the issue, and the Magistrate Judge filed the instant Report, to which Plaintiff has filed objections (Dkt. Nos. 14–17).

## II. LEGAL STANDARD

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Findings or recommendations not challenged by objections will be reviewed only for plain error. *United States v. Soto*, 734 F. App'x 258, 259 (5th Cir. 2018).

## III. ANALYSIS

### A. Recommendations 1 and 2

The parties agree that all state law claims against the individually named Defendants and the fraud claims against Laredo College should be dismissed based on governmental immunity (Dkt. No. 14 at 7; Dkt. No. 15 at 4). The parties also agree the breach of contract claims against Laredo College should *not* be dismissed at this time, as they are not barred by governmental immunity (Dkt. No. 14 at 12; Dkt. No. 15 at 3). Accordingly, the Report, without objection, recommends the following claims be dismissed: (1) all of Plaintiff's state law claims against the individually named Defendants and (2) Plaintiff's state law fraud claim against Laredo College (Dkt. No.

16 at 2, 12). Having found no plain error, the Court **ADOPTS** recommendations 1 and 2 from the Magistrate Judge.

### B. Plaintiff's Objections to Recommendation Three

Plaintiff objects to recommendation 3, which urges dismissal of his TVEPA claims against Laredo College for lack of jurisdiction (Dkt. No. 17 at 2–3). This recommendation stems from the Report's finding that Laredo College is entitled to governmental immunity with respect to Plaintiff's claims (Dkt. No. 16 at 2). Plaintiff does not contest that, as general matter, Laredo College enjoys governmental immunity (*see* Dkt. No. 17). Rather, Plaintiff argues that the TVEPA waived Laredo College's governmental immunity and the Report failed to consider how *King v. Texas Dep't of Hum. Servs. ex rel. Bost*, 28 S.W.3d 27 (Tex. App.—Austin 2000, no pet.), should affect this lawsuit (Dkt. No. 17 at 3–4). After a *de novo* review, the Court concludes the TVEPA does not waive Laredo College's governmental immunity from liability, *i.e.*, for claims seeking damages. However, according to a Texas Court of Appeals in *King*, the TVEPA waives immunity from suit and allows claims seeking limited forms of injunctive relief. 28 S.W.3d at 33–34. Thus, rather than dismissing Plaintiff's TVEPA claims in their entirety, the Court concludes that granting Plaintiff leave to refile his TVEPA claims against Laredo College is appropriate. Therefore, Plaintiff's objections (Dkt. No. 17) are **SUSTAINED IN PART** and **OVERRULED IN PART**, and the Report (Dkt. No. 16) is hereby **ADOPTED IN PART** and **MODIFIED IN PART**.

Plaintiff claims that Laredo College violated the TVEPA when it "discharged Plaintiff while retaining less qualified individuals of similar type and classification"

(Dkt. No. 1 at 21). The TVEPA entitles veterans to hiring preferences over "other applicants for the same position who do not have a greater qualification." Tex. Gov't Code Ann. § 657.003. Veterans entitled to hiring preferences are also entitled to retention preferences if a state agency employer reduces its workforce. *Id.* § 657.007. The statute also outlines a complaint process:

> (a) An individual entitled to a veteran's employment preference under this chapter who is aggrieved by a decision of a state agency to which this chapter applies relating to hiring or appointing the individual, or relating to retaining the individual if the state agency reduces its workforce, may appeal the decision by filing a written complaint with the executive director of the state agency under this section.
>
> (b) The executive director of a state agency that receives a written complaint under Subsection (a) shall respond to the complaint not later than the 15th business day after the date the executive director receives the complaint. The executive director may render a different hiring or appointment decision than the decision that is the subject of the complaint if the executive director determines that the veteran's preference was not applied.

*Id.* § 657.010.

The parties agree the TVEPA applies to Laredo College[1] and, as a general matter, Laredo College enjoys Texas governmental immunity to the extent it has not been abrogated by the state legislature.[2] *Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 297 (5th Cir. 2021) ("Texas governmental immunity, unlike constitutional sovereign immunity, applies to the state's political subdivisions, including junior

---

[1] Laredo College, as a public junior college, is a "state agency" for the purposes of the TVEPA. Tex. Gov't Code Ann. § 657.001; Tex. Educ. Code Ann. § 61.003(8) ("'Institution of higher education' means any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college, or other agency of higher education as defined in this section.").

[2] As a political subdivision, Laredo College does *not* enjoy Eleventh Amendment immunity. *Tercero*, 989 F.3d at 296–97; *see also* Dkt. No. 11 at 4–5.

5

college districts . . . ."); *see also* Dkt. No. 16 at 9. The Texas legislature can waive immunity "only by clear and unambiguous language." *Tercero*, 989 F.3d at 297 (quoting *Tooke v. City of Mexia*, 197 S.W.3d 325, 328–29 (Tex. 2006)).

However, the clear and ambiguous doctrine "should not be applied mechanically to defeat the true purpose of the law." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). That is, an effective waiver does not need to be "a model of perfect clarity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (cleaned up). In *Wichita Falls*, the Texas Supreme Court outlined four factors that a court can use to determine whether a statute impliedly waives immunity.[3] First, a statute waiving immunity must do so "beyond doubt," *e.g.*, when the statute would have no purpose or meaning unless it contained a waiver of immunity. *Id.* (citing *Kerrville State Hosp.*, 28 S.W.3d at 8). Second, a court should generally resolve any ambiguities in favor of retaining immunity. *Id.* Third, a court should find that the legislature has intentionally waived immunity if the statute requires the state or a governmental entity to "be joined in a lawsuit for which immunity would otherwise attach." *Wichita Falls*, 106 S.W.3d at 697–98; *Hyde*, 607 S.W.3d at 117. Fourth and finally, a court should consider whether a statute limits the State's—or the public's—potential monetary liability, as such a limit indicates the legislature has waived immunity. *Wichita Falls*, 106 S.W.3d at 698, 701. These

---

[3] The Court in *Wichita Falls* considered whether a statute waived sovereign, as opposed to governmental, immunity. *Wichita Falls*, 106 S.W.3d at 694. While the terms represent two distinct concepts, "the law gives these two immunities the same treatment as to the issues raised in today's case. . . . Thus, we cite cases involving sovereign immunity and cases involving governmental immunity without noting the different type of immunity involved." *Hyde v. Harrison Cnty.*, 607 S.W.3d 106, 108 n.3 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

6

factors are used by courts as nonexclusive analytical aids. *Hyde*, 607 S.W.3d at 117.

The first factor weighs in favor of retaining immunity because the TVEPA does not suggest a waiver "beyond doubt." First, the TVEPA does not contain an explicit waiver of immunity. *See Texas Veterans Comm'n v. Lazarin*, No. 13-15-00045-CV, 2016 WL 552117, at *7 (Tex. App.—Corpus Christi Feb. 11, 2016, pet. denied). Further, the TVEPA is not rendered meaningless in the absence of an immunity waiver. As described above, the TVEPA codifies an administrative complaint process by which a veteran may appeal an adverse employment decision to the executive director of the agency of employment. Tex. Gov't Code Ann. § 657.010. Because this administrative process does not require court involvement or enforcement, the statute can retain it purpose absent a waiver of immunity.

However, Plaintiff argues the apparent purposes of the TVEPA—to protect and promote the employment of veterans—cannot be effectuated without a judicial enforcement mechanism (Dkt. No. 17 at 7–8). But the Court has not identified—nor has Plaintiff pointed to—any language in the statute authorizing a private lawsuit, damages, or any type of enforcement outside of § 657.010's complaint process. *See* Tex. Gov't Code Ann. § 657.001 *et seq*. The statute's structure evinces a legislative intent that the TVEPA be effectuated through this administrative complaint process, quarterly public reports,[4] and veteran's liaisons[5]—not a private right of action for

---

[4] *See* Tex. Gov't Code Ann. § 657.008 (requiring state agencies to file quarterly reports indicating employment of individuals entitled to a preference under the TVEPA and the number of complaints received and resolved by the executive director during the reporting period).

[5] *See* Tex. Gov't Code Ann. § 657.0046 ("Each state agency that has at least 500 full-time equivalent positions shall designate an individual from the agency to serve as a veteran's liaison . . . [and a] state agency that has fewer than 500 full-time equivalent positions may designate an individual from the agency to serve as a veteran's liaison.").

7

damages. *See* Tex. Gov't Code Ann. § 657.010; *see also Brown v. De La Cruz,* 156 S.W.3d 560, 566–67 (Tex. 2004) ("Modern legislatures may delegate enforcement to executive departments, administrative agencies, regulatory commissions, local governments and districts, as well as the criminal or civil courts; with such a myriad of tools at the Legislature's disposal, we cannot always assume that [the Court] must be the hammer."). Because a potential immunity waiver is not "beyond doubt," the first *Wichita Falls* factor weighs in favor of retaining immunity.

As to the second factor, the Court concludes the TVEPA's ambiguities, discussed above, require that this factor weighs in favor of retaining immunity. As to the third and fourth factors—whether a government entity must be joined in a lawsuit and whether there is a cap on monetary liability—the Court concludes they weigh in favor of retaining immunity. As previously stated, the TVEPA does not explicitly create a private right of action or authorize a civil suit for damages. It necessarily follows that without a cognizable lawsuit, there is no need for a joinder requirement or a damages cap, which indicates that the legislature did not intend to waive immunity from liability. *See Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 845–46 (Tex. 2009). In sum, the Court concludes that the Report reached the correct conclusion with respect to the four *Wichita Falls* factors. The TVEPA does not waive governmental immunity from Plaintiff's claims, as currently pleaded.

However, Plaintiff asserts that the Report fails to address the possibility that, even if the TVEPA does not waive immunity from *liability*, it may waive immunity

8

from *suit* (Dkt. No. 17 at 9).⁶ This is a distinction with a difference. Essentially, Plaintiff argues that, under *King*, his TVEPA claims could survive insofar as they seek only injunctive and declaratory relief, as opposed to damages (*id*.). *See King*, 28 S.W.3d at 33–34.

In *King*, a Texas Court of Appeals held that the trial court had jurisdiction over a plaintiff's TVEPA request for declaratory relief because that request was *not* barred by immunity from suit. *Id.* Specifically, *King* held that a trial court could have jurisdiction over a TVEPA claim insofar as a plaintiff requested certain declaratory relief, such as a request to invalidate and set aside an adverse employment decision. *Id.* at 33. However, *King* held a court would not have jurisdiction over a request for money damages because that claim would be barred by immunity from liability. *Id.* Additionally, a court would not have jurisdiction over a plaintiff's request to be placed into a new employment position because a court order to that effect would control "an official within his legal authority to act," which is prohibited by the principles of immunity. *Id.*

Assuming without deciding that *King* reached the correct holding, Plaintiff's TVEPA claims, as pleaded, are nonetheless barred by principles of immunity. Plaintiff's complaint requests monetary damages and "an injunction demanding that Defendant Laredo College honor our military personnel by enforcing service

---

⁶ "Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability. . . . Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments." *Harris Cty. Hosp. Dist.*, 283 S.W.3d at 842 (citations omitted).

9

members' employment rights as a protected class" (Dkt. No. 1 at 27). Plaintiff's prayer for monetary damages is plainly barred by immunity from liability, and the injunctive relief sought is not of the type contemplated by *King*. Rather, Plaintiff's prayer for injunctive relief seeks a broad, forward-looking injunction, which would affect a large class of people and potentially require the Court to control officials within their legal authority to act. Per *King*, this relief is not authorized under the TVEPA. But should Plaintiff wish to seek the narrow injunctive relief approved of in *King*, the Court will allow Plaintiff to replead his TVEPA claim. [7]

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report (Dkt. No. 16) is hereby **ADOPTED IN PART** and **MODIFIED IN PART**. Plaintiff's state claims against the individual Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's fraud claim against Laredo College is **DISMISSED WITH PREJUDICE**. Plaintiff's TVEPA claims against Laredo College are **DISMISSED WITHOUT PREJUDICE**. Plaintiff will be granted leave to replead his TVEPA claims, so long as such claims seek the limited injunctive relief permitted under *King*. Plaintiff should file his

---

[7] It is important to note that the Court has not yet ruled as to whether such claims would be viable. The Texas Supreme Court has yet to decide this issue and another Texas Court of Appeals summarily concluded, in an unpublished opinion, that a trial court had no jurisdiction over TVEPA claims—indirectly contradicting *King*. *Texas Veterans Comm'n v. Lazarin*, No. 13-15-00045-CV, 2016 WL 552117, at *1, 7 (Tex. App.—Corpus Christi Feb. 11, 2016). If Plaintiff amends his pleadings to include a request for declaratory relief under the TVEPA, Defendants may move to dismiss the claims, and the parties may then brief *King*'s holding and discuss whether the Texas Supreme Court would reach the same outcome. *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 764 (5th Cir. 2019) ("In applying Texas law, we look first to the decisions of the Texas Supreme Court . . . If the Texas Supreme Court has not ruled on an issue, we make an Erie guess, predicting what the Texas Supreme Court would do if faced with the same facts.")(cleaned up).

amended pleading no later than **fourteen (14) days** after entry of this Order. Because, at this juncture, Plaintiff's USERRA claims against all Defendants and his breach of contract claim against Laredo College remain live, Plaintiff's amended pleading may also reallege these claims.

It is so **ORDERED**.

**SIGNED** June 1, 2022.

Marina Garcia Marmolejo
United States District Judge